UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SCHMIDT, RUSSELL ADAMS, and JASON TAYLOR individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER AUTOMOTIVE PLC and JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>    Defendants. | Civil Action No. 2:18-cv-08528-CCC-JBC |

**JOINT DECLARATION OF GARY S. GRAIFMAN AND THOMAS P. SOBRAN IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND AWARD OF CLASS REPRESENTATIVE SERVICE PAYMENTS**

GARY S. GRAIFMAN and THOMAS P. SOBRAN declare pursuant to 28 U.S.C. § 1746 under the penalties of perjury as follows:

1.   Gary S. Graifman is a shareholder of the law firm Kantrowitz, Goldhamer & Graifman, P.C. (hereinafter "KGG") and Thomas P. Sobran is the sole proprietor of Thomas P. Sobran, P.C. (hereinafter "TPS").  Each firm was appointed settlement class counsel by this Court pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Directing Notice to the Class, and Setting a Hearing for Final Approval (hereinafter "Preliminary Approval Order") entered August 6, 2021. ECF Dkt. No. 69.[1]  In the Preliminary Approval Order, the Court also preliminarily approved the class action settlement, conditionally certified the class, as defined below, and approved the notice to be sent to settlement class members (hereinafter "Settlement Class" or "Settlement Class Member(s)").

---

[1] These two firms hereinafter are referred to as "co-lead counsel" or "settlement class counsel."

2. Co-lead counsel were directly involved in, responsible for, and have personal knowledge of all aspects of this class action (hereinafter "Action"). Settlement class counsel (also referred to herein as "Class Counsel") submit this declaration in support of the motion for an award of attorneys' fees and reimbursement of expenses and approval of payment of service awards of $2,000.00 each to the settlement class representatives.[2] The date set for filing the motion for final approval of the settlement (hereinafter "Settlement Agreement") and final certification of the Settlement Class pursuant to the Preliminary Approval Order is February 23, 2022.

**INTRODUCTION AND OVERVIEW**

3. The Settlement Agreement resolving this Action provides substantial benefits to the Settlement Class (as described *infra*) and is the culmination of extensive arm's-length negotiations of a vigorously contested case where all parties were represented by experienced attorneys. This Action and Settlement Agreement involve present and former owners/lessees of certain 2012 through 2014 model Land Rover passenger vehicles equipped with AJ-V8 5.0 Gen III engines (hereinafter "Class Vehicles"). Class Vehicles are specifically identified in the Settlement Class notice sent to the Settlement Class Members[3] The complaint alleges Class Vehicles have a defect in the engine timing chain assembly (hereinafter "Chain Assembly(ies)")[4] that cause premature AJ-V8 5.0 Gen III engine failure. The Chain Assemblies are responsible for synchronizing the rotation of the engine camshafts and valve openings. Plaintiffs alleged that Jaguar Land Rover North America, LLC (hereinafter "JLRNA" or "Land Rover NA") concealed

---

[2] Unless otherwise defined herein, capitalized terms have the same meaning as set forth in the Settlement Agreement which has been previously filed with the Court and is annexed hereto as Exhibit "1."

[3] Settlement Class Vehicles incorporating the subject timing chain assembly are the following (subject to VIN confirmation):

| Model Description | Model Years |
|---|---|
| Land Rover LR4 | 2012 – 2014 |
| Range Rover Sport | 2012 - 2014 |

[4] The timing chain assembly consists of the timing chains, primary chain tensioners, chain sprockets and chain rails/guides.

2

information concerning the Chain Assembly defect and represented that the Class Vehicles were reliable and that the Chain Assemblies were fully covered by the vehicles' original written New Vehicle Limited Warranty (hereinafter "NVLW") should there be any failure.

4. Failed class engine Chain Assemblies involve considerable repair expense. Replacement of engine chain assemblies costs a minimum of $5,0000 where there is no resulting engine damage. Plaintiffs and putative class members received estimates upwards of $20,000.00 for engine replacement where Chain Assembly failure resulted in total engine destruction.

5. Land Rover NA maintains the Chain Assemblies in Class Vehicles are not defective, that no state consumer statutes or express/implied warranties were violated, that the claims asserted by Plaintiffs and the putative class are barred by statutes of limitations and other defenses, and that Plaintiffs and the putative class do not have valid claims for liability or damages.

6. Plaintiffs in this Action are owners of Class Vehicles subject to Chain Assembly failure. Informal confirmatory discovery (and the subsequent notice process) disclosed that there are approximately 50,897 Settlement Class Vehicles nationwide. The court-appointed settlement administrator Angeion Group confirmed that 152,887 Settlement Class Member Notices were sent out in early December 2021 to past and present owners and lessees of Class Vehicles.

7. This Action was filed on April 29, 2018 (ECF Dkt. No. 1) and asserted counts on behalf of a nationwide class and state subclasses. Prior to filing the initial complaint Class Counsel undertook an extensive and though investigation of the AJ-V8 5.0 Gen III engine. This investigation included analysis of the Chain Assemblies' functionality and an understanding of the reasons for the alleged failures. Other activities included a tear-down of an exemplar AJ-V8 5.0 Gen III engine, measurement and analysis of failed Chain Assemblies and a review of the replacement component part design and manufacturing changes. Other materials reviewed include but are not limited to Land Rover workshop manuals, engine parts manuals and technical service bulletins. In addition, Class Counsel regularly reviewed the NHTSA-ODI[5] website, including complaints and comments to NHTSA by Land Rover owners and also spoke with approximately a hundred Class Vehicle owners who experienced Chain Assembly failure.

---

[5] National Highway Safety Administration Office of Defect Investigation.

8. In July of 2018, Land Rover NA moved to dismiss the consolidated complaint, raising unique issues as to statutes of limitations, failure to demonstrate fraudulent concealment, application of the economic loss doctrine, limitations on the scope of the alleged class including opposition to the pleading of a nationwide class, challenges under 9(b) as to the particularity of the pleadings, challenges to each state consumer law claim, implication of the discovery rule and equitable tolling, *inter alia*. (ECF Dkt. No. 12). Plaintiffs filed an opposition to the motion to dismiss on September 17, 2018. (ECF Dkt. No. 23). An Amended Complaint with additional plaintiffs and new claims was filed on October 31, 2018. (ECF Dkt. No. 30). Plaintiffs and Land Rover NA then commenced engaging in discussions for mediation and settlement.

## SETTLEMENT NEGOTIATIONS AND SETTLEMENT TERMS

9. The Action was subsequently referred to professional mediator Nancy L. Lesser for mediation. An initial mediation session was held on January 31, 2019 attended by counsel for Plaintiffs, counsel for JLRNA and JLRNA's General Counsel. Subsequent to the multiple mediation sessions, a settlement was reached on the substantive claims in the Action and a term sheet was prepared and executed on June 25, 2019. No discussions concerning attorney fees occurred prior to execution of the term sheet. After further protracted negotiations, the Settlement Agreement was fully executed in October of 2020.

10. Continued extensive negotiations, including negotiations before Magistrate Judge James B. Clark finally led to resolution of the attorney fee issue. Land Rover NA and Class Counsel agreed to the following fee, case expense reimbursement and class representative participation payments subject to court review and approval: Plaintiffs would submit a request for attorneys' fees and reimbursement of expenses in the amount of $700,000 and the request would not be opposed by Land Rover; participation payments for the three class representatives of $2,000 would be paid by JLRNA separately and not diminish class relief.

11.     A formal settlement agreement was negotiated and drafted together with a notice plan and exhibits to the Settlement Agreement.  The Settlement Agreement was executed on or about June 18, 2021.  The Court granted Preliminary Approval of the Settlement Agreement, together with the Notice Plan and Class Notices on August 6, 2021 (ECF Dkt. No. 69).  The Notice Plan was implemented in accordance with the Preliminary Approval Order in early December 2021.

12.     The numerous in-person and remote settlement negotiations, conducted at arms'-length, were intensive, and at times, contentious.  Land Rover NA vigorously disputed Plaintiffs' claims and maintained there was no defect in the engine Chain Assemblies or any non-disclosure or consumer statute violation entitling Plaintiffs to any damages in this action.  Land Rover NA also contended, and would no doubt continue to contend, that failures of the Chain Assemblies were the result of normal and expected wear and tear that passenger vehicle engines experience over time and/or were the result of improper maintenance.  Land Rover NA would likely continue to argue the durational limits of the existing NVLW are not procedurally or substantively unconscionable.

13.     After approximately three years of contentious litigation and settlement negotiations, and with the assistance of a well-respected mediator and this Court, Class Counsel achieved an exceptional result for Settlement Class Members in extending the warranty for Class Vehicle engine Chain Assemblies.  The Settlement benefits members whose vehicles have experienced chain failure prior to the notice date and within 8 years or 100,000 miles (whichever occurred first) from the vehicle's in-service date, paid out-of-pocket expense to repair or replace a Chain Assembly failure.  Additionally, the Settlement benefits Settlement Class Members in the event their vehicles experience a Chain Assembly failure after the notice date and within that 8

year or 100,000 mile period. The claims period for Settlement Class Members to request reimbursement under the Settlement Agreement runs through 90 days after final approval (which is currently scheduled on March, 9, 2022) and provides more than a reasonable period of time to request reimbursement relief. (ECF Dkt. No. 69). The Settlement terms also provide a reasonable period within which Settlement Class Members can cure any deficiencies in the proof submitted in support of their reimbursement claims.[6]

14. The nationwide settlement will resolve all claims before this Court. The Settlement Agreement consists of two distinct programs: A reimbursement program to compensate Settlement Class Members for out-of-pocket payments made for past Chain Assembly repairs, within the time and mileage schedule described below and a warranty extension that enlarges the warranty for engine Chain Assemblies for a period of eight (8) years or 100,000 miles (whichever occurs first) of the vehicle in-service date. Under the reimbursement portion of the Settlement Agreement, Land Rover NA agrees to reimburse the specified percentage (depending on the years-in-service and mileage tier) of the paid repair invoice amount for the covered part(s) and labor for repair or replacement of the Chain Assemblies within 8 years or 100,000 miles (whichever occurs first) from the Settlement Class Vehicle's in-service Date and prior to the Notice Date. *See* Settlement Agreement at § 3.1.

15. To obtain monetary benefits, Settlement Class Members submit a simple claim form (included in the notice packets with the Class Notice), with the required documentary proof (repair records and receipts) showing, *inter alia*, the existence of a chain failure, the amount paid for the repairs necessitated by a failed Chain Assembly, proof of ownership and reasonable

---

[6] The Settlement terms are more particularly described in the Brief in support of this motion being filed concurrently.

adherence to the vehicle's engine maintenance schedule. The Settlement Agreement allows for reimbursement for one repair or replacement of the Chain Assemblies (and repair or replacement of engine components or an entire engine if damaged directly as a result of the Chain Assembly failure) per Class Vehicle. *Id.*

16. Settlement Class Members may also file a claim form electronically online at the settlement website's claims portal at www.schmidttimingchainsettlement.com. The settlement website provides links to relevant case documents including copies of the Preliminary Approval Order, Class Notice and claim form and the papers filed in connection with this motion for attorney's fees, expenses and class representative service awards.

**Extended Warranty Benefits**

17. The Settlement Agreement also provides another valuable benefit to eligible Settlement Class Members by extending the New Vehicle Limited Warranties to cover Settlement Class Vehicle Chain Assembly repairs by an authorized Land Rover dealer for a period of eight (8) years or one hundred thousand (100,000) miles (whichever occurs first) from the in-service date of the Settlement Class Vehicle. This Warranty Extension includes full coverage of the Chain Assemblies, and all parts and labor necessary to effect repairs based on the same reimbursement schedule set forth above provided Settlement Class Member demonstrate reasonable adherence to the vehicle's engine maintenance schedule.

18. As discussed earlier, there are approximately 50,897 Class Vehicles. Approximately 152,887 Class Notices were sent advising Class Vehicle owners of the proposed Settlement. Because the notice packets were recently mailed in early December 2021, (and the settlement website went live shortly before), Class Counsel do not yet have any indication as to

the extent of objections and, if so, the number or nature thereof. Class Counsel expect to respond to any such objections, if any, in the subsequent filings scheduled for such responses.

19. Class Counsel estimate the value of the Settlement's benefit on a class wide basis to be a minimum of approximately $3,867,500, not including the costs of Class Notice and administration. This value projection is based in part on documents provided by Land Rover NA including the incident rate during the warranty period.[7]

20. The warranty extension afforded to owners and lessees as a result of the Settlement is from four (4) years to eight (8) years which adds an additional four (4) years to the warranty and an additional 50,000 miles (the NVLW was, pre-settlement, four (4) years or 50,000 miles, whichever occurred first).

21. Class Counsel estimate that the owners or lessees of approximately 1,547 Class Vehicles will file a claim to seek reimbursement under the Settlement or resort to future warranty under the prospective warranty program under the Settlement. This is based on the incident rate for repairs occurring during the original NVLW warranty period and is, therefore, an extremely conservative estimate since, given the additional time and mileage on the vehicles after that point, chain failures manifest more frequently at higher mileages. The average repair cost of the Class Vehicle engine timing chain assembly is conservatively calculated at $5,000.00 per repair. This computation is conservative because it does not account for repair costs where engine replacement is required because Chain Assembly failure caused engine destruction. This valuation calculation is imminently conservative since Class Vehicle engine replacement costs upwards of $20,000 which is not factored into this valuation estimate.

---

[7] Because the information concerning the in-warranty incident rate is subject to a confidentiality agreement, it is not included here. However, if the Court would like to review the information, counsel can supply the information.

22.     Using the middle (*e.g.,* average) reimbursement tier, which is 50% reimbursement for a qualified repair, and using $5,000 as the average repair cost, the estimated value of this Settlement is, conservatively, $3,867,500 (e.g., $5,000 x 50% = $2,500 average reimbursement. $2,500 reimbursement x 1,547 vehicles = $3,867,500).  Again, this is a conservative range given the higher repair costs where complete engine destruction manifests from chain failure.  Moreover, based on scores of telephone conferences with Class Vehicle owners, engine destruction has been reported an estimated 10% of the time.  The potential valuation of the repair/reimbursement component would be higher in the event engine replacement costs are considered.

### CLASS COUNSEL'S FEE AND EXPENSE APPLICATION IS FAIR, REASONABLE AND ADEQUATE.

23.     Class Counsel undertook the prosecution of the Action entirely on a contingency fee basis and assumed significant risks in prosecuting these claims.  Class Counsel understood that they were undertaking an expensive and complex litigation with no guarantee of receiving compensation for the enormous investment in time and money automotive defect class actions require.  The negotiations in this matter were particularly intense and hard fought stretching over approximately three years.  The litigation was complex and the process of achieving settlement was unique in numerous ways.  In addition to briefing the motion to dismiss on behalf of a proposed nationwide class, Class Counsel pursued initial independent discovery and investigation and eventually, confirmatory discovery, including proprietary internal warranty information.

24.     If the Action had not settled, Plaintiffs would have pursued a nationwide litigation class.  If that was not successful, Class Counsel would have been expected to establish the elements of each state law claim brought on behalf of Plaintiffs.  These claims involved state subclasses including New Jersey, Florida, Washington and California.  Class Counsel also communicated with approximately a hundred of other putative class members in other jurisdictions to pursue a

multi-state class if necessary. The efforts of Class Counsel were well organized and efficiently managed—indeed, there was no incentive to do otherwise as any compensation is entirely contingent.

25. As noted earlier, there was no "clear sailing" provision agreed to prior to reaching settlement on the merits. The parties could not agree on Class Counsel's legal fees until much later in the mediation process, including multiple additional mediation sessions with an experienced third party mediators (including Magistrate Clark). The benefits Settlement Class Members will enjoy, including the past reimbursement and the extended warranty, are benefits for which Settlement Class Members will pay no legal fees or expenses. Under the Settlement Agreement (if approved by the Court), Land Rover NA has agreed to pay the legal fees and expenses up to a maximum of $700,000 and a $2000 service award to each of the three class representatives. These payments will not reduce any of the benefits afforded to Settlement Class Members.[8]

26. Class Counsel in the aggregate expended to date approximately 922.70 hours during the course of this action. However, Class Counsel's work is not done. Based on experience in other consumer class actions involving defective automobiles, Class Counsel estimate an additional 130 hours for each firm will be required to shepherd this matter through to completion, including, generally, preparing for filing the motion for Final Approval, addressing any objections, facilitating and assisting Class Members in the claims reimbursement and claims administrative review process and addressing prospective warranty issues as they arise.[9] Class Counsel estimate

---

[8] Class Counsel also submits with this Joint Declaration Plaintiffs' Memorandum of Law in Support of Approval of an Award of Attorneys' Fees, Reimbursement of Expenses and an Award of Class Representative Service Payments.

[9] *See Hanlon v. Chrysler Corp*. 150 F.3d 1011, 1029-30 (9th Cir.1998) recognizing that class counsel should be entitled to payment for future work required of them. ("Class counsel presented

the total time expected to be incurred in the within matter is approximately 1,182.70 hours (for a description of the anticipated future time, *see* Graifman Decl., ¶¶ 2-3; Sobran Decl., ¶¶ 4-6).[10] The lodestar schedules attached to Class Counsel's firm declarations, to which declarations are annexed hereto as "Exhibit "1" (Graifman Decl. for KGG) and Exhibit "2" (Sobran Decl. for TPS) also include a category for "Future Anticipated Work Hours including Final Approval Process, Final Approval Motion and Objection Replies, Communications with Class Members through Conclusion" at Column 12.

27. The actual current and future anticipated lodestar of each firm is set forth as follows:

**CLASS COUNSEL CURRENT & FUTURE ANTICIPATED LODESTAR**

| FIRM NAME | Hours | Lodestar |
|---|---|---|
| KGG | 550.2 | $423,771.50 |
| TPS, PC | 632.5 | $474,375.00 |
| **TOTAL** | **1,182.7** | **$898,086.50** |

**CLASS COUNSEL TOTAL CURRENT LODESTAR**

| FIRM NAME | Hours | Lodestar |
|---|---|---|

---

affidavits to the district court justifying their fees on the basis of their work on the individual state class actions. The fee award also includes all future services that class counsel must provide through the life of the latch replacement program. They must remain available to enforce the contractual elements of the settlement agreement and represent any class members who encounter difficulties. The factual record provides a sufficient evidentiary basis for the district court's approval of the fee request.").

[10] The hourly rates, the hours incurred, and the lodestars are set forth in each of the Firm Declarations submitted herewith by the two firms comprising Class Counsel: Kantrowitz Goldhamer & Graifman, P.C., Thomas P. Sobran, P.C. These materials are submitted here as "Exhibits 1," and "Exhibit 2" (s*ee* Exhibits 1 annexed to each Firm Declaration for respective lodestar amounts). In addition, *see* Exhibit 2 to each firm's respective declaration for case expenses incurred. Each of the firm declarations annex their respective firm resumes as Exhibit 3 thereto.

| | | |
|---|---|---|
| KGG | 420.20 | $307,361.50 |
| TPS, PC | 502.50 | $376,875.00 |
| **TOTAL** | **922.70** | **$682,796.50** |

28. In support of the hourly rates of Class Counsel, counsel submit that they are experienced attorneys in the field of class action litigation who practice regularly in federal courts across the country. The hourly rates for comparable experienced class action lawyers providing similar services are equal to or exceed Class Counsel's rates.

29. Class Counsel have extensive experience litigating and settling nationwide consumer automotive class actions. Messrs. Graifman and Sobran were recently co-lead counsel and a member of the executive committee, respectively, in *In re Volkswagen Timing Chain Prod. Liab. Litig.*, litigated in the District of New Jersey and settled on a nationwide basis.[11] The settlement in that matter involved the timing chain components for approximately 477,000 Volkswagen and Audi vehicles. The settlement claims history there, to date, has resulted in approximately $21.5 million in paid claims. This amount does not include the warranty extension program which, like the program here, includes post-effective date repairs.

30. Gary S. Graifman and Thomas P. Sobran, were recently co-lead counsel in another automotive products liability case also involving defective engine timing chains in approximately 874,781 BMW vehicles. The claims in that matter numbered in excess of 27,000. Final approval was granted on June 10, 2020 and the attorney fee awarded by Judge Cathy L. Waldor was $3.7 million.[12]

---

[11] *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 2:16-cv-02765-JLL (D.N.J.).
[12] *See Gelis, et al. v. Bayerische Motoren Werke Aktiengesellschaft, et al.*, United States District Court for the District of New Jersey, Civil Action No. 17-cv-7386 WHW-CLW.

31. Class Counsel further state they are familiar with the hourly rates regularly charged by firms practicing in this field before the federal and state courts of New Jersey. The hourly rates sought by Class Counsel for the services rendered here are in line with the prevailing hourly rates currently charged by class action attorneys with comparable skill, experience, and reputation for the legal services rendered in class action litigation in federal courts of this district.[13] As previously discussed, the fees requested here will be paid by Land Rover NA over and above the amount of payments to Settlement Class Members and/or the value of the extended warranty work done for Settlement Class Members now and in the future.

32. As noted above, Class Counsel's work in the Action is only partially done. Substantial work in connection with facilitating the settlement process has only commenced. The Settlement Class Notices were recently disseminated. The necessary future work that will be incurred includes: interacting with Settlement Class Members seeking guidance and posing questions via phone and email as to the Settlement Agreement terms, the claims process, rights and remedies of Settlement Class Members going forward under the settlement and the status of submitted claims; assistance with curing deficient claims; the administrative appeal process and attorney review of claim denials; assisting Settlement Class Members requesting exclusion; addressing objections, if any, with respect to the Settlement Agreement; coordinating with defense counsel and the Claims Administrator, Angeion Group, as to issues concerning claims and payments; reviewing and addressing miscellaneous administrative issues that are certain to occur; overseeing the final distributions and administration, including potential appeals of claims denials;

---

[13] By way of example, in *In re: Volkswagen Timing Chain*, the court approved counsel's hourly rates of $850.00 per hour for Mr. Graifman and $750.00 per hour for Mr. Sobran. In *Gelis*, the court approved attorneys' fees based on the hourly rate of $895.00 per hour for Mr. Graifman and $750.00 per hour for Mr. Sobran.

addressing any questions or issues raised by Settlement Class Members in relation to the warranty extension; researching, drafting, revising and finalizing the final approval motion papers; addressing any issues in connection with the Final Approval Motion and final approval reply papers; and, attending the Final Approval Hearing before the Court.

33. The fee requested here, based on the lodestar of Class Counsel will, it is respectfully submitted, result in a negative multiplier. This is true even utilizing the current time submitted, which equals $682,796.50 (*see* chart *supra*, entitled "Class Counsel Total Current Lodestar"). If the expenses incurred of $28,169.88 is deducted from the $700,000 fee and expense request herein, the net fee portion of the request is $671,830.12 (*i.e.*, slightly less than the current lodestar).

34. Alternatively, as set forth in Plaintiffs' Memorandum of Law in Support of Approval of an Award of Attorneys' Fees, Reimbursement of Expenses and an Award of Class Representative Service Payments, the valuation of the Settlement, discussed above, will exceed approximately $3,867,500 (exclusive of the Claims Administration and notice fees and expenses). Thus, the requested fee is approximately 17.37% of the Settlement value herein.

35. During the course of the Action, Class Counsel incurred expenses of $28,169.88. The itemization of these expenses for each firm are set forth in Exhibit 2 in each of their respective declarations, annexed hereto as "Exhibits "1" and "2," respectively. In this Action, Class Counsel was extremely efficient in limiting the expenses of the case. Because one of lead counsel is a factory-trained Volvo, BMW and Mercedes-Benz mechanic and service manager (and has testified as an expert witness in automotive cases), Class Counsel did not need to formally retain multiple experts to inspect various Class Vehicles, AJ-V8 5.0 Gen III engines and/or components in developing their analysis and findings. The expenses incurred here were reasonable and necessary for the prosecution of the Action, are the types of expenses that plaintiffs' counsel typically incur

in complex litigation, and for which plaintiffs' counsel are typically reimbursed when the Action gives rise to a settlement and final approval.  These expenses will be paid separately from, and in addition to, the benefits made available to the Class by Land Rover NA.  Expenses and attorneys' fees requested do not diminish class relief in any respect.  The breakdown of these expenses by firm are as follows:

**LAW FIRM EXPENSES**

| FIRM NAME | Expenses |
|---|---|
| KGG | $16,653.06 |
| TPS, PC | $11,516.82 |
| **TOTAL EXPENSES** | $28,169.88 |

36. In addition, Class Counsel requests an incentive award of $2,000 each for named Settlement Class Representative that will be paid by Land Rover NA.  Each class representative fully participated in the litigation process on behalf of Settlement Class Members in their respective jurisdictions and cooperated in every respect with Class Counsel.  These representatives provided documentation to Class Counsel as evidence for their claims and the claims of the putative class; reviewed and approved of the pleadings and motions and communicated with counsel about settlement discussions.  The Settlement Class Representatives played a key role in assuring there would be a recovery for the Class.  These individuals placed their names in public as the parties who litigated this case.

37. Accordingly, Plaintiffs and Class Counsel respectfully request that legal fees and expenses in the amount of $700,000 be approved and that the Court also approve an incentive award of $2,000 for each named Settlement Class Representative.

15

Under the penalties as provided by law, the undersigned declare that the statements as set forth in this declaration are true and correct to the best of their knowledge.

Dated: January 4, 2022

_____
Gary S. Graifman

_____
Thomas P. Sobran (admitted *pro hac vice*)