# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SCHMIDT, RUSSELL ADAMS, and JASON TAYLOR, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER AUTOMOTIVE PLC and JAGUAR LAND ROVER NORTH NORTH AMERICA, LLC,<br><br>    Defendants. | Civil Action No. 2:18-08528- CCC- JBC<br><br>**DECLARATION OF<br>GARY S. GRAIFMAN<br>IN SUPPORT OF APPLICATION FOR<br>ATTORNEYS' FEES AND EXPENSES** |

GARY S. GRAIFMAN, ESQ. declares as follows:

1. I am a member of the law firm of Kantrowitz, Goldhamer & Graifman, P.C. ("KGG"), counsel for Plaintiffs Robert Schmidt, Russell Adams and Jason Taylor, in the above matter, together with my co-counsel, Thomas P. Sobran, Esq. As one of the two Co-Lead Counsel, I am fully familiar with the facts contained herein based upon my personal knowledge and the books and records kept in the ordinary course of KGG's business. I submit this declaration in support of Class Counsel's application for an award of attorneys' fees in above-captioned action (the "Action"), as well as for reimbursement of expenses incurred by my firm in connection with the Action.

2. KGG served as Co-Lead Counsel in this Action. KGG and our co-counsel invested significant time, working for approximately three years to bring this class action settlement to fruition. As co-counsel for the Class, the attorneys of my firm were involved in performing the following tasks: pre-litigation investigation of the facts herein; drafting and redrafting of the initial

complaint, vetting of and communications with clients, prospective class members and class members; researching and drafting portions of the memorandum of law in opposition to motion to dismiss; preparation of documents for service upon foreign entity; attending court conferences before the court; submission of *pro hac vice* application of co-counsel; drafting discovery requests for JLRNA and JLRA PLC; receiving and reviewing discovery from defendants; contacting and reviewing the matter with experts; settlement conferences and litigation strategy with co-counsel; settlement conferences with all parties; preparing for mediation sessions; research and review of file to prepare pre-mediation briefing; submission of pre-mediation materials; attend multiple mediation sessions with Nancy Lessor of PAX and Magistrate Judge James B. Clark; preparation and negotiation of term sheet in connection with substantive settlement; legal research, review of file, review comparable settlements in ECF and Westlaw database; prepare, review and revise settlement agreement; review, revise and negotiate language for Settlement Agreement exhibits (drafts of class notice, settlement claim form, Preliminary Approval Order and proposed Final Approval Order); conferences with counsel for defendant regarding settlement documents; preparation of Preliminary Approval Motion and declaration of counsel in support thereof; coordinate and complete exhibits to Motion for Preliminary Approval; prepare, revise and finalize memorandum of law in support of Preliminary Approval Motion; finalize and submit Preliminary Approval Motion; attendance at hearing (virtually) on Preliminary Approval Motion; coordinating with court-appointed claims administrator on drafts and finalize the class communications and settlement class notices, settlement claim form and claims deficiency notices; preparation of motion for award of attorneys' fees and reimbursement of expenses; determine value of settlement and lodestar analysis for motion; Going forward, substantial work in this Action will continue and the attorneys of KGG will also be required to prepare, research, draft and file the Final Approval

Motion papers; engage in the multitude of communications and/or email discussions with class members as to the status of settlement administration, addressing issues relating to class members' individual qualification for reimbursement or the extended warranty program, issues concerning the extended warranty, addressing deficiencies in class members' filed claims and assist in curing such deficiencies; engaging in the attorney review of denied claims with respect to administrative appeals of such denials; reviewing opt outs and objections, if any; preparing documents in opposition to any objections; preparing for the Final Approval hearing; attending the Final Approval hearing; engaging in post-approval coordination of payment of claims; issues with claims; additional emails and communications with class members post-Effective Date of the settlement.

       3.      The schedule attached hereto as **Exhibit 1** is a summary indicating the amount of time spent by each attorney and professional support staff employee of KGG who was involved in the Action based on the various tasks, and the lodestar calculation based on KGG's current billing rates. The schedule also includes in the category column for "Final Approval Process" (Column 12) the additional time I reasonably anticipate to incur in this matter between now and eventual conclusion of this matter (e.g., which will continue even after the Effective Date of the settlement (but not including any appeals which may be filed, if any)). In my experience with numerous consumer class action settlements involving automobile defects, I anticipate that I will spend another approximately 130 hours on this matter. Other than that estimated 130 hours to be incurred herein, the lodestar schedule annexed hereto (Exhibit 1) was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.

4. As noted, an amount of time anticipated to be spent on preparation, finalizing and filing of the Final Approval motion papers, preparing for argument of that motion; attending and presenting at the Final Approval hearing and preparing the oppositions to any objections is estimated based on my experience with prior automobile defect consumer class action settlements. Prior to the Final Approval Hearing, scheduled for March 9, 2022, Class Counsel intend to supplement the record herein and submit the actual additional time expended up through that point prior to the Final Approval hearing.

5. The hourly rates for the attorneys and professional support staff at KGG included in **Exhibit 1** are the same rates which have been accepted in other consumer class action litigation the firm has successfully litigated.

6. The total current number of hours expended on this Action by KGG to date is **420.20 hours**. The total lodestar for KGG for that period **is $307,361.50**, consisting of $289,924.00 for attorneys' time and $17,437.50 for professional support staff time. The total number of hours both spent to date and anticipated through the conclusion of the matter (including the claims and settlement administration, which could proceed for an additional two years, during which time the prospective warranty program will be active), is **550.20 hours** (approximately 130 hours more than the current time). The total lodestar for KGG for both the current and anticipated future period of time the firm will be involved is $**423,711.50**.

7. KGG's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

8.      As detailed in the schedule attached hereto as **Exhibit 2,** KGG has incurred a total of $16,653.06 in unreimbursed expenses in connection with the prosecution of this Action, of which approximately $14,529.18 related to mediation fees.

9.      The expenses incurred in this Action are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

10.     With respect to the standing of my firm, attached hereto as **Exhibit 3** is a brief biography of my firm and attorneys in my firm who were principally involved in this Action.

I hereby declare under penalty of perjury that the foregoing facts are true and correct, declared this 4th day of January, 2022 at Montvale, New Jersey.

_____
GARY S. GRAIFMAN

# EXHIBIT 1

*SCHMIDT v. JLRJA NA, LLC*
Case No. 2:18-cv-08528-CCC-JBC
TIME & LODESTAR CHART (By Category)
FIRM NAME:  KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.
PERIOD: Inception to October 22, 2021

| Name/Position | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Hourly Rate | **Lodestar** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **GARY S. GRAIFMAN (P)** | | 29.6 | 13.4 | 33.0 | 89.2 | 31.8 | | | 70.5 | | 14.7 | 130 | 412.20 | $895/hr | $368,919.00 |
| **JAY I. BRODY (SA)** | 0.5 | 3.8 | 1.3 | | 9.5 | 2.1 | | | | 29.3 | 1.3 | | 47.8 | $625/hr | $29,875.00 |
| **WILLIAM SCHIFFMAN (SA)** | | | | | 11.5 | | | | 0.5 | | | | 12.0 | $600/hr | $7,200.00 |
| **SARAH HAQUE (A)** | | | | 0.7 | | | | | | | | | 0.7 | 400/hr | $280.00 |
| **MICHELLE PROVOST (PL)** | | 2.0 | 0.7 | 17.6 | 4.3 | | | | | | | | 24.60 | $225/hr | $5,535.00 |
| **LIZ MOCCIA (PL)** | | | | | | | | | | | 50.20 | | 50.20 | $225/hr | $11,295.00 |
| **LISA CHAKAN (PL)** | | | | | | | | | | | 1.70 | | 1.70 | $225/hr | $382.50 |
| **ANDRE ARIAS (PL)** | | | | | 1.00 | | | | | | | | 1.0 | 225/hr | 225.00 |
| **TOTAL** | 0.5 | 35.4 | 15.4 | 51.3 | 115.5 | 33.9 | 0.00 | 0.00 | 71.0 | 29.3 | 67.9 | 130.0 | **550.20** | | **$423,711.50** |

**CATEGORIES**

1. Pre-Litigation Investigation and Fact Analysis
2. Drafting Complaints (Original, First, Amended Second Amended)
3. Case Development and Case Administration
4. Post Filing Investigation and Communications with Class Members
5. Motion Practice, Drafting Memoranda and Legal Research
6. Court Hearings and Appearances
7. Communications with Consultants/Experts
8. Negotiations and Settlement Process
9. Settlement Documentation, Motions & Briefing (e.g., Prelim & Final Approval
10. Discovery
11. Class Claims Administration Issues and Communications with Class Members/Witnesses re Settlement
12. Final Approval Process, Final Approval Motion and Objection Replies (NOTE: currently estimated).

**Position Key:  P=Partner, SA=Senior Associate, A=Associate, PL=Paralegal**

# **EXHIBIT 2**

**Exhibit 2**
**SCHMIDT v. JLRNA NA, LLC**
**Case No. 2:18-cv-08528-CCC-JBC**
**TIME & LODESTAR CHART (By Category)**
**FIRM NAME:   KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**
**PERIOD: Inception to October 22, 2021**

| **Category** | **Amount** |
|---|---|
| Computer Research and Electronic Document Retrieval (Westlaw, Lexis, Nexis, CarFax,) | $ 887.22 |
| Travel, Hotel, Parking, Meals and Related Expenses | $ 475.32 |
| Photocopying (including commercial or internal copying) | $ 5.80 |
| Facsimile and Long Distance Telephone | $ 0.00 |
| Postage and Overnight Delivery (Fed Ex, UPS) | $ 115.54 |
| Filing/Service of Process Fees | $ 640.00 |
| Experts/Consultants | $ 0.00 |
| Class Notices | $ 0.00 |
| Transcripts | $ 0.00 |
| Mediation | $ 14,529.18 |
| **TOTAL** | **$16,653.06** |

# EXHIBIT 3



| New York Office: | New Jersey Office: |
|---|---|
| 747 Chestnut Ridge Road | 135 Chestnut Ridge Road |
| Chestnut Ridge, New York 10977 | Montvale, New Jersey 07645 |
| Tel: 845-356-2570 | Tel: 201-391-7000 |
| Fax: 845-356-4335 | Fax: 201-307-1086 |

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C. ("KGG")** has a nationwide class action practice and has litigated numerous cases involving complex business litigation, consumer class actions and securities class actions. The firm has litigated a number of cases resulting in reported decisions, including cases of first impression. The firm also has an active personal injury and medical malpractice practice, chaired by Barry S. Kantrowitz, and represents clients in mass tort actions.

**GARY S. GRAIFMAN** is a partner in the Firm and co-chair of the Consumer Class Action Litigation Group at KGG with Melissa R. Emert. Mr. Graifman specializes in the area of consumer and securities class action litigation. He is admitted to practice before the courts of the State of New York, the State of New Jersey, the United States Federal Courts for the Southern District of New York, the Eastern District of New York, the Northern District of New York, the District of New Jersey, the United States Court of Appeals for the First Circuit, Second Circuit, Third Circuit and the Eighth Circuit. He is also a member of the Class Action Committee of the New Jersey State Bar Association. Mr. Graifman is rated "AV-Preeminent" by Martindale Hubbell and has been nominated by Super Lawyers Magazine as a New Jersey Super Lawyer for 2010-2021. He has been a panelist and speaker on class action issues before various bar organizations including those sponsored by the Class Action Committee of the New Jersey State Bar Association and by the National Employment Lawyers Association, New York Chapter.

A sampling of some of the cases Mr. Graifman has recently been involved in include:

- *In re Volkswagen Timing Chain Products Liability Class Action*, 16-cv-2765 (JLL) (D.N.J.). Mr. Graifman and the Firm served as Co-Lead Counsel in this products liability class action which was settled on a nationwide basis on behalf of the owners and lessees of approximately 477,000 class vehicles. Final approval was granted to the Settlement on December 14, 2018. The Settlement provided one hundred percent reimbursement for timing chain repairs to class members and was valued at approximately $50 million (inclusive of warranty extension repairs).

- *In re Home Depot Consumer Data Security Breach Litig.*, 1:14-MD-02583-TWT (N.D.Ga.). Mr. Graifman and the Firm served on the five member Plaintiffs' Steering Committee in this massive data breach consumer class action affecting approximately 50 million consumers which was settled on a nationwide basis in 2016. The settlement was valued at approximately $27 million.

- *In re Premera Blue Cross Customer Data Security Breach Litig.* 3:15-md-2633 (D. Ore). Mr. Graifman and the Firm were one of the counsel in the *Premera Blue Cross Customer*

*Data Breach* Matter, having done substantial and essential work in the case, which was given Final Approval in early March 2020. The firm's client was the sole named plaintiff and representative for the putative California state subclass. The California subclass asserted a claim under the California Confidential Medical Information Act, Cal. Civ. Code §§ 56, *et seq.* which was sustained by Court on a motion to dismiss. The matter settled and final approval was granted on March 2, 2020. Under the terms of the settlement approved, the California subclass was entitled to additional compensation as a result of the California CMIA claim.

- *Oliver, et al. v. Bayerische Motoren Werke Aktiengesellschaft, et al.*, 2:17-cv-12979-CCC-MF (D.N.J.). Mr. Graifman and the Firm served as Co-Lead Counsel on this case which involved defective electric coolant pumps on various BMW model vehicles. The matter settled and Final Approval was granted on March 9, 2021. The class includes approximately 563,227 vehicles. The Settlement is valued at approximately $30 Million.

- *Gelis, et al. v. BMW of NA, et al.*, 2:17-cv-07386-SDW-CLW (D.N.J.). Mr. Graifman and the Firm served as Co-Lead Counsel on this case which involved defective timing chain assemblies on various BMW model vehicles. The matter settled and Final Approval was granted on Feb. 16, 2021. The class includes approximately 575,303 vehicles. The Settlement is valued at approximately $42 Million.

- *Coffeng, et al. v. Volkswagen Group of America, et al.*, 3:17-cvb—01825-JD (N.D. Cal.). Mr. Graifman and the Firm serve as Co-Lead Counsel on this consumer class action involving defective water pumps in a multitude of Volkswagen and Audi model vehicles. Final Approval was granted to the settlement on May 14, 2020. The case encompassed a nationwide class of owners and lessees of approximately 873,779 class vehicles and was valued at approximately $22 million.

- *Chiarelli, et al. v. Nissan, N.A. and Duncan, et al. v. Nissan N.A.,* 14-CV-4327(NGG) (E.D.N.Y.) and 1:16-CV-12120-DJC (D. Mass.), these two companion cases involve multi-state claims concerning defective timing chains on various Nissan model vehicles and involve claims in the states of Massachusetts, New York, Texas, Florida, North Carolina, Maryland, Colorado and Oregon. Final Approval was granted to the settlement on August 25, 2020 before Judge Denise Casper in the U.S. District Court for the District of Massachusetts.

- *Seifi, et al. v. Mercedes-Benz USA, LLC*, 3:12-cv-5495-TEH (N.D. Ca.). Mr. Graifman and the Firm served as co-lead counsel in this litigated consumer class action seeking reimbursement for repairs to various Mercedes model vehicles due to a balance shaft defect. The action settled on a nationwide basis in 2015, valued at approximately $25 million.

- *In re Rambus Securities Inc. Litigation.*, 06-c-v4346-JF (U.S. District Ct., N.D. Cal.) Mr. Graifman and the Firm served as Co-Lead Counsel for the class in this securities class action involving allegations of backdating of options. The matter was settled for $18.33 million and approved on May 14, 2008.

- *Sheris v. Nissan North America, Inc.*, 07-cv-2516 (WHW) (U.S. District Ct., D. New Jersey).  Mr. Graifman and the Firm served as Co-Lead Counsel for the class in this consumer class action against Nissan for alleged brake defect in the 2005 G35x model vehicle.  The Court certified a New Jersey settlement class which involved reimbursement of the cost of brake and rotor replacement up to $340 per brake replacement.

- *Szymczak v. Nissan N. Am. Inc.* (S.D.N.Y.), Case No. 10-cv-0-7493 (VB) (U.S. District Ct., S.D.N.Y.).  Mr. Graifman and the Firm served as co-lead counsel in this litigated consumer class action seeking reimbursement for repairs to Nissan Pathfinder, Xterra or Frontier vehicles caused by cross-contamination of radiator fluid with transmission fluid seeping into the transmission.  The matter was settled with Defendants agreeing to extend the warranty to 100,000 miles or 10 years and pay for the repairs during that extended mileage and time period, subject to certain deductibles that applied.  The nationwide class action settlement, which involved approximately 300,000 vehicles was approved by the Court in May 2013.  The settlement was valued at approximately $17 million.

- *Jermyn v. Best Buy Stores, L.P.*, 1:08-cv-00214 (CM) (U.S. District Ct., S.D.N.Y.).  Mr. Graifman and the Firm served as Co-Lead Counsel in this litigated consumer class action certified as a New York consumer class by Hon. Colleen McMahon.  The class consisted of Best Buy purchasers who were denied price match guarantees by Best Buy.  The matter settled on a class-wide basis shortly before trial.

- *Lubitz, et al. v. DaimlerChrysler Corp.*, BER-L-4883-04 (New Jersey Superior Court, Bergen Co.)   Mr. Graifman and the Firm served as Co-Lead Counsel for the class in this consumer class action against DaimlerChrysler Corp.  The Court certified a nationwide settlement class and approved a settlement valued at $14.5 million to owners of Jeep Grand Cherokees, model years 1999 through 2004.

- *In re Trend Micro Class Action Litigation*, Case No. CV 11-02488 (RMW) (U.S. District Ct., N.D. Calif.).  Mr. Graifman and the Firm served as Co-Lead Counsel for the class in this consumer class action concerning the failure to provide the remaining time left on current trial subscriptions when the subscriber on the trial subscription converted to a paid subscription. The case was settled in 2013 and Final Approval of the settlement was entered November 15, 2013 by the Court granting subscribers cash refunds or credit towards their future subscriptions and changing the policy of the Company going forward.

- *In re Symantec Class Action Litig.*, 1-05-cv-053711 (Superior Ct. Of State of California, Co. Of Santa Clara) (Komar, J.).  Mr. Graifman and the Firm served as Co-Lead counsel in this consumer class action involving the cut-off of subscription time when the subscriber to Norton's anti-virus software renewed or upgraded earlier than the end of the then-current subscription.  After the class was certified upon a litigated motion, the matter was settled for a cash payment or a voucher for further use with the anti-virus subscription (at the consumer's option), with the settlement valued in excess of $5 million.

- *Lowrance, et al. v. Equinox International Corp.,* 2:99-cv-0969 (D.Nev.). Mr. Graifman and the Firm participated in trying a nationwide consumer class action case in the District of Nevada against multi-level marketing company, Equinox, International Corp. through the entire bench trial, and settling the matter on or about the last day of trial before Judge Johnnie B. Rawlinson, just prior to her elevation to the U.S. Court of Appeals for the Ninth Circuit.  The matter was tried with other plaintiffs' counsel, who Mr. Graifman second-seated, and a multi-state Attorney General Task Force and resulted in the liquidation of Equinox and a settlement fund in excess of $30 million to repay Equinox distributors.

**MELISSA R. EMERT, ESQ.,** has been representing aggrieved stockholders and consumers for more than 30 years.  Ms. Emert recently joined KGG after spending most of her career at a national class action firm where she founded and was Co-Chair of its Consumer and Antitrust Class Action Litigation Groups.  Ms. Emert's practice focuses on consumer, antitrust and securities class actions.  She has litigated cases throughout the United States and held prominent leadership positions in many large multidistrict litigations ("MDLs"). Melissa is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York. Melissa graduated from Brooklyn Law School with a Juris Doctor in 1988 and received a Bachelor of Arts from the State University of New York at Stony Brook in 1985.

Examples of Ms. Emert's nationwide class action experience include:

- Court-appointed Co-Lead Counsel in *Carder v. Graco Children's Products, Inc.,* 2:20-cv-00137-LMM (N.D. Ga. 2021) (alleging state consumer protection and common law claims on behalf of consumers resulting from defendant's defective and allegedly unsafe children's car seat products);

- Court appointed Co-Lead Counsel in *In re: Daily Fantasy Sports Litig.,* 1:16-md-02677-GAO (D. Mass 2016) (alleging violations of state consumer protection statutes and common law claims on behalf of consumers participating in defendants' online fantasy sports websites).

- Court appointed member of plaintiffs' executive committee in *In re: Hill's Pet Nutrition, Inc. Dog Food Products Liability Litig.*, 19-md-2887 (D. Kan.) (alleging violations of state consumer protection statutes and common law on behalf of consumers who purchased dog food that contained toxic levels of Vitamin D).

- Discovery Committee in a court approved leadership structure in *In re: Rock 'N Play Sleeper Marketing, Sales Practices, and Products Liability Litigation*, 1:19-md-2903 (W.D.N.Y. 2019) (alleging violations of state consumer protection statutes and common law claims on behalf of consumers who purchased the defective and inherently unsafe Fisher-Price Rock 'n Play Sleeper for their infant children).

- Court appointed member of Plaintiffs' Steering Committee in *In re: Intel Corp. CPU Marketing and Products Liability Litig.,* 3:18-md-02828 (D. Or. 2018) (claims on behalf of Intel processor users that have been affected by Intel's alleged defective processors).

- Court appointed member of Plaintiffs' Executive Committee in *In re: Apple Inc. Device Performance Litig.,* 5:18-md-02827 (N.D. Cal. 2018) (claims on behalf of iPhone and iPad users that have been affected by the alleged intentional slowdown of the processors).

- Court appointed member of Plaintiffs' Steering Committee in *In re: German Automotive Mfr. Antitrust Litig.*, 3:17-md-02796 (N.D. Cal. 2017) (alleging anticompetitive conduct in the market for German-made automobiles).

- Court appointed member of Plaintiffs' Steering Committee in *In Re: Sonic Corp. Customer Data Sec. Breach Litig.,* 1:17-md-02807 (N.D. Ohio 2017) (claims on behalf of persons allegedly affected by Sonic's data breach resulted in a class wide settlement).

- Class Representative Communications and Client Vetting Committee in a court approved leadership structure in *Echavarria, et al. v. Facebook, Inc*., C 18- 05982 (N.D. Cal. 2018) (claims on behalf of persons that have been allegedly affected by Facebook's "View As" data breach).

- Co-Chair of Plaintiffs' Vetting Committee in a court approved leadership structure in *In re Wawa, Inc. Data Breach Litigation*, No. 19-6019 (E.D. Pa. 2019) (claims on behalf of persons affected by Wawa's data breach and had their personal information compromised).

- Court appointed Interim Class Counsel in *In re: Google Location History Litig,* 5:18-cv-05062-EJD (N.D. Cal. 2019) (a privacy breach action alleging Google tracked millions of mobile device users' geolocation after falsely representing that activating certain settings will prevent the tracking).

- One of three lead co-counsel in *Hughley, et al. v. Univ. of Central Florida Bd. of Tr.*, 2016-CA-001654-O (9th Judicial Circuit, Florida) (February 2016 data breach; settled November 2017, with UCF spending an additional $1,000,000 annually to protect students' and employees' personal information).

Melissa also has developed and oversees the following litigation, among others:

- *County of Osceola v. Purdue Pharma Inc.*, 6:18-cv-00164 (M.D. Fl.); *County of Alachua v. Purdue Pharma Inc.*, 1:18-cv-00086-MW-GRJ (N.D. Fl.); *County of Palm Beach v. Purdue Pharma Inc.***,** 50-2018-CA-004109 (N.D. Fl.) (each alleging opioid manufacturers and distributors defrauded the counties, among others, to generate improper revenue at the county's expense).

- *In Re: Uber Tech., Inc., Data Sec. Breach Litig.,* 2:18-ml-02826-PSG-GJS (C.D. Cal.) (alleging a failure to secure and safeguard riders' and drivers' personally identifiable information ("PII") caused 57 million driver and rider accounts to be compromised).

- *In Re: 21st Century Oncology Customer Data Sec. Breach Litig.*, 8:16-md-02737 (M.D. Fla.) (October 2015 data breach in which the PII of more than two million 21 Century patients was compromise).

- *Suvino v. Time Warner Cable*, Inc., 1:16-cv-07046 (S.D.N.Y.) (settled action which alleged violations of the Americans with Disabilities Act by Time Warner).

- *Guariglia et al v. The Procter & Gamble Company*, 2:15-cv-04307 (E.D.N.Y.) (settled action which alleged violations of law in connection with P&G's design, manufacture, marketing, advertising, and selling of Tide Pods).

**JAY I BRODY, ESQ.** is a commercial litigator with an emphasis in class action litigation, including consumer fraud, automotive defect, and securities and shareholder actions, as well as commercial litigation. Prior to joining the firm, Mr. Brody served as a law clerk for Justice Miriam Naor, President of the Supreme Court of Israel and the Superior Courts of the State of Connecticut. While in law school, Mr. Brody served as a Student Assistant District Attorney in the Office of the New York County District Attorney, and interned at the New York State Department of Financial Services and United States Department of Justice. He is currently in charge of the Firm's SAM-E Supplement consumer class action litigation.

Mr. Brody received his B.S. in accounting from Yeshiva University, and his J.D. from The Benjamin N. Cardozo School of Law in 2013, where he served on the Public Law, Policy and Ethics Journal. He is admitted to practice before the State Courts of New York and New Jersey, and the United States Federal Court in the Southern District of New York, Eastern District of New York, and District of New Jersey.

**SARAH HAQUE, ESQ.** is currently of counsel to Kantrowitz, Goldhamer & Graifman, P.C. with an emphasis in class action litigation. Ms. Haque received a Bachelor's of Commerce from McGill University in Montreal, Quebec, with a minor in Economics. Following her undergraduate experience, she attended State University of New York Buffalo Law School, and graduated in 2014. While in law school, Ms. Haque was an editor for the Buffalo Human Rights Law Review. She was also President of the Labor and Employment Relations Society and Treasurer of the Latin American Law Students Association. Ms. Haque has worked on various class actions with the firm, including the *In re Anthem Data Breach* litigation and the *In re Premera Data Breach* litigation.

**WILLIAM T. SCHIFFMAN, ESQ.**, is a senior associate in the firm of Kantrowitz, Goldhamer & Graifman, P.C. Mr. Schiffman received his J.D. degree from Brooklyn Law School in 1974 and is admitted to practice in New York (1975), Texas (1976), and New Jersey (1981). Mr. Schiffman was Law Clerk to the Honorable Woodrow Seals, United States District Judge, Southern District of Texas from 1974-1977. In that position Mr. Schiffman was responsible for preparing decisions and orders on motions as well as observing trials and assisting Judge Seals in preparing finds of fact and conclusions of law.

From 1977-1979, Mr. Schiffman was associated with the law firm of Urban & Coolidge in Houston Texas. Mr. Schiffman's principal practice area was commercial litigation. From 1979 to 1985, Mr. Schiffman was an attorney for AT&T, first in the Long Lines Department in Atlanta, Georgia, and then in company headquarters in New Jersey. Mr. Schiffman's responsibilities were principally in the area of general litigation and the AT&T antitrust litigation prior to divestiture. From 1985 to 1993, Mr. Schiffman was with the law firm of Jacobi & Meyers, first as the managing attorney of several offices, then as New Jersey resident partner in charge of the northern New Jersey offices. The practice was principally in the area of litigation. From 1993 to date, Mr. Schiffman has been associated with Kantrowitz & Goldhamer, P.C., in New York, and its affiliate, Kantrowitz & Goldhamer in New Jersey. Mr. Schiffman's responsibilities are principally in the area of litigation

including securities and employment class action, as well as complex contested matrimonial and general commercial litigation.