NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SCHMIDT *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JAGUAR LAND ROVER NORTH AMERICA, LLC, <br><br> Defendant. | Civil Action No.: 18-8528 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is movant Adam McKinney's ("Movant") motion for relief from the Court's order granting final approval of class settlement pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 95. Defendant Jaguar Land Rover North America, LLC ("Defendant" or "JLRNA") opposed Plaintiff's motion (ECF No. 101), and Movant replied in support (ECF No. 105). Class counsel Gary S. Graifman and Thomas P. Sobran ("Class Counsel") also responded to Plaintiff's motion "to correct misstatements and false accusations concerning Class Counsel." ECF No 99. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Movant's motion is **DENIED**.

**I.    BACKGROUND**

In April 2018, Plaintiff Robert Schmidt, on behalf of himself and all other individuals and entities similarly situated, filed a class action against Defendant alleging that certain vehicles manufactured by Defendant ("Class Vehicles") contained deficient timing chains. ECF No. 1. On August 6, 2021, this Court preliminarily approved a settlement agreement (ECF No. 66-3, "Settlement Agreement") between the named plaintiffs, individually and as representatives of the

class, and Defendant. ECF No. 69 ("Preliminary Approval"). On March 9, 2022, the Court granted final approval of the class settlement ("Final Approval"). ECF No. 86. In the Preliminary Approval and Final Approval orders, the Court approved the form and procedures for disseminating notice ("Settlement Notice" or "Notice") to Class Members. ECF No. 69 ¶ 4; ECF No. 86 ¶ 11.

As consideration for the Settlement, Defendant agreed to provide to class members certain warranty and reimbursement benefits. Settlement Agreement § 3. To qualify for Settlement benefits, class members ("Class Members") must have been registered owners or lessees of a Class Vehicle on or before the date of the Preliminary Approval (i) who "first purchased or leased a Class Vehicle" less than nine years "after such Class Vehicle was registered for the first time," and (ii) whose Class Vehicle was "in service for eight years or less" and "was driven for 100,000 miles or less at the time the (1) timing chain and/or timing chain tensioner failure is diagnosed by an authorized Land Rover retailer, which diagnosis is reflected in a document contemporaneous with such failure or (2) timing chain and/or timing chain tensioner is repaired or replaced (whichever occurs first)." *Id.* § 3.1.1(i). The warranty benefits were available to Class Members who sought repairs, and the reimbursement benefits were available to those whose vehicles were already repaired. *Id.* § 3. To receive reimbursement benefits, Class Members were required to submit a "completed Claim Form [with] copies of repair order(s), invoices, and/or other service records" demonstrating the abovementioned requirements, among other things. *See id.* § 3.2.3. The deadline to submit the Claim Form was June 7, 2022. ECF No. 101 at 2. Class Members eligible for a warranty extension were not required to submit a Claim Form; they were automatically eligible if they complied with the Settlement Agreement requirements. Settlement Agreement, Ex. C.

The deadline to opt out or object to the Settlement was January 18, 2022. ECF No. 69 ¶ 14(a)–(b). Class Members who failed to submit a qualifying Claim Form, opt out, or object by the respective deadlines remained in the Class, but were no longer eligible for reimbursement benefits and could no longer bring suit against Defendant regarding issues in this case. Settlement Agreement, Ex. C.

Movant owns a Class Vehicle that purportedly has a timing chain issue. ECF No. 95 at 5. The vehicle's in-service date is May 9, 2014, and the vehicle reached eight years in service on May 9, 2022. *Id.* There is conflicting evidence as to Movant's vehicle mileage.[1] In an email dated November 30, 2022, Movant states that his mileage was 103,356 in October 2020, and 134,000 in September 2022. ECF No. 95-2, Attachment 10. However, a repair quote dated April 14, 2023 that Movant submitted to Class Counsel states "Vehicle mileage 97,931." ECF No. 99-4. Movant did not submit a Claim Form, opt-out form, or objection before the respective deadlines. *See generally* ECF No. 95.

On September 30, 2022, Movant's vehicle was diagnosed with a timing chain issue for the first time by a third-party repair shop. ECF No. 95-3 at 12; ECF No 95-2. That same month, Movant learned of the Settlement, and subsequently reached out to Class Counsel and the settlement administrator, Angeion Group, LLC, through Ryan Chumley ("Settlement Administrator"). ECF No. 95 at 5–6. Movant claims he never received the Settlement Notice. *Id.* His correspondence with Class Counsel led him to conclude that the Notice was sent to 10742 Portchester Court, Las Vegas, Nevada 89135 ("Portchester Court"), an old and incorrect address, instead of 10040 W. Cheyenne Avenue, Suite 170-95, Las Vegas, Nevada 89129 ("Cheyenne

---

[1] The Court notes the mileage dispute for completeness. The vehicle's mileage does not affect the Court's decision.

3

Avenue"), which is allegedly his correct address. *Id.* 6–7. On April 22, 2023, Movant submitted a reimbursement Claim Form to Class Counsel, even though Class Counsel warned him that "Land Rover may decide not to make an exception to the filing deadline." ECF No. 95-1 at 16. Movant did not attach the required service records to his Claim Form to substantiate a timing chain repair reimbursement. ECF No. 99 at 5; ECF No. 99-4; Settlement Agreement § 3.2.3.2. Instead, he submitted a written quote, dated April 14, 2023, from a third-party repair facility called Bigo Tires that states "the timing chain needed to be replaced." ECF No. 99-4.

On April 28, 2023, Class Counsel told Movant that he may qualify for warranty benefits if he has his vehicle inspected by an authorized Land Rover dealer. ECF No. 95-2, Attachment 13. This prompted Movant to take his vehicle to an authorized dealer. ECF No. 95 at 8–9. At the authorized dealer, a service advisor informed Movant that he could not evaluate the vehicle for a timing chain issue because the engine was locked, and the fee for unlocking the engine was $2,500, which Movant did not pay. *Id.* at 8–9. Movant informed Class Counsel of the locked engine issue, to which Class Counsel responded that Land Rover's position is that Movant must "demonstrate the engine is seized because of the chain issue by paying a dealer to disassemble the engine." ECF No. 95-3.

On June 27, 2024, Movant filed the instant motion for relief under Rule 60(b)(1), seeking an order requiring Defendant to repair or replace the engine in his Class Vehicle and warranty the service and parts, and awarding reimbursement. ECF No. 95 at 21.

## II.    LEGAL STANDARD

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. *In re Sebela Patent Litig.*, No. 14-6414, 2020 WL 10964593, at *3 (D.N.J. May 29, 2020) (citing *Gonzalez v. Crosby*,

4

545 U.S. 524, 528 (2005)). Whether to grant a Rule 60(b) motion is "left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances." *United States v. Rensing*, No. 12-663, 2022 WL 3227131, at *3 (D.N. J Aug. 10, 2022) (citing *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988)). "The movant in a Rule 60(b) motion carries a heavy burden, as Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'" *Gochin v. Thomas Jefferson Univ.*, 667 F. App'x 365, 367 (3d Cir. 2016) (quoting *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)).

### III. **DISCUSSION**

Movant asserts that he is entitled to relief because he owns a Class Vehicle but never received Settlement Notice, which prevented him from participating in the Settlement. He further argues that Class Counsel accepted his Claim Form after the deadline, which should entitle him to Settlement benefits. Defendant contends that Movant is not entitled to actual notice of the Settlement, and in any event, Movant does not qualify for Settlement benefits.

#### A. Notice

Movant argues that he was not able to file a claim under the Settlement before the June 7, 2022 deadline because he never received the Notice. ECF No. 95 at 14. He claims that Class Counsel conceded that they sent the Notice to his old Portchester Court address, not his new Cheyenne Avenue address, and that this was inexcusable given that "1) his Rover vehicle registration had the Cheyenne Avenue address; 2) his driver's license contained his Cheyenne Avenue address; 3) JLRNA Vegas had the Cheyenne Avenue address in its computer system; and 4) the Cheyenne Avenue address has been his permanent address since 2007." *Id.* Movant also

contends that Class Counsel and the Settlement Administrator "fail[ed] to employ the use of the Department of Motor Vehicles" in distributing Notice. *Id.* at 15–16.

As an initial matter, Defendant and Class Counsel dispute that it was unreasonable to send Settlement Notice to the Portchester Court address. The Settlement Administrator stated, in a sworn declaration, that all Class Member addresses were secured from state departments of motor vehicles, including Nevada's department of motor vehicles. ECF No. 101-1 ¶ 4–6. Furthermore, Movant's Portchester Court address appears on some of his repair invoices. Class Counsel points to an invoice from an authorized JLRNA dealer dated February 26, 2020, which relates to an unrelated vacuum pump repair of Movant's vehicle, that shows Movant's address as Portchester Court. *See* ECF No. 99-2. Class Counsel also notes that per Google Maps, the Cheyenne Avenue address appears to be a shopping mall, whereas the Portchester Court address is a private residence. ECF No. 99 at 4 n.4.

But putting aside the facts—which, on their face, appear to favor Defendant—Movant's notice argument fails as a matter of law. Rule 23 does not require *actual* notice to all potential class members. *Perlstein v. Transamerica Occidental Life Ins. Co.*, No. 07-5782, 2008 WL 2837185, at *3 (D.N.J. July 21, 2008) ("The requirement of notice, however, need not entail actual notice for every class member."). Indeed, "each and every class member need not receive actual notice, so long as class counsel acted reasonably in choosing the means likely to inform potential class members." *Serio v. Wachovia Sec., LLC*, No. 06-4681, 2009 WL 900167, at *8 (D.N.J. Mar. 31, 2009); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, No. 1014, 2000 WL 708253, at *1 (E.D. Pa. May 18, 2000) ("[A]ctual receipt of notice by each class member is not necessary to satisfy due process where the notice given was, as it was here, reasonable and the best notice practicable."). "Courts have held that notice to the last known address as well as notice to an

6

incorrect address where the defendant had been notified of the correct address met the due process requirement of notice through reasonable effort." *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 177 F.R.D. 216, 238 (D.N.J. 1997) (citing *In re Prudential Secs. Inc. Ltd. Partnerships Litig.*, 164 F.R.D. 362, 369 (S.D.N.Y. 1996) (denying late opt-out request where notice was mailed to old address); *In re VMS Ltd. Partnership Secs. Litig.*, No. 90-2412, 1995 WL 355722, at *2 (N.D. Ill. June 12, 1995) (denying late opt-out request where notice was mailed to old address and plaintiff claimed that he notified defendant of new address)).

Here, in its Preliminary Approval Order, the Court approved the "the form and procedures for disseminating notice of the proposed Settlement" and found that "the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice in full compliance with the requirements of applicable law." ECF No. 69 ¶ 5. Furthermore, in its Final Approval Order, the Court stated that "distribution of the Notice as provided for in the Order granting preliminary approval of the settlement constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort." ECF No. 86 ¶ 11. The Settlement Administrator submitted a sworn declaration that it caused the Settlement Notice and Claim Form to be mailed to all Class Members in accordance with the Preliminary Approval Order. ECF No. 101-1. And Movant has not submitted any evidence suggesting that notice was not provided in accordance with the Preliminary Approval Order, aside from conclusory assertions. *See* ECF No. 95 at 14–15. Consequently, the Court finds no error in the distribution of Settlement Notice that would entitle Movant to relief.

As a last-ditch argument, Movant contends that Defendants "accepted his claim form after the deadline, and thus "effectively waived its right to assert the deadline as a basis to deny" Movant

7

"funds to which he is entitled." ECF No. 105 at 3–4.  However, the email from Class Counsel that Movant cites as the "acceptance" of his claim states: "Attached is a claim form but Land Rover may decide not to make an exception to the filing deadline." ECF No. 95-1 at 16.  Even read in the light most favorable to Movant, this email cannot reasonably be construed as an acceptance of Movant's Claim Form.  Particularly because, as discussed below, the Claim Form submitted by Movant did not comply with the requirements set forth in the Settlement Agreement.  Accordingly, Movant's argument for relief premised on improper notice is without merit.

      **B.**      **Qualification for Settlement Benefits**

Movant's claim for relief also fails on a second ground:  he has not demonstrated that he qualifies for Settlement benefits.  As discussed, qualifying Class Members were entitled to either reimbursement for repairs already made to their Class Vehicle, or an extension of the warranty to repair their vehicles.  Movant did not qualify for either.

Movant does not qualify for reimbursement because he never paid to have his timing chain or timing chain tensioner repaired or replaced.  The Settlement Agreement requires Defendant to "pay to reimburse a Settlement Class Member for out-of-pocket costs incurred as a result of a repair or replacement of a timing chain and/or timing chain tensioner," subject to certain parameters.  Settlement Agreement § 3.2.1.1.  Movant does not claim that he had his vehicle repaired in his motion for relief.  Indeed, he seeks repair or replacement of his engine in his instant motion for relief.  ECF No. 95 at 21.  Additionally, on the Claim Form he submitted to Class Counsel, he marked "NO" in response to the question that asks whether he incurred out-of-pocket costs for repairing or replacing the timing chain or timing chain tensioner.  *See* ECF No. 95-1, Attachment 6.  Accordingly, Movant never qualified for reimbursement under the Settlement Agreement.

8

Movant also does not qualify for a warranty extension. Class Members qualify for a warranty extension to cover repairs or replacements if they owned or leased a Class Vehicle with a timing chain failure at the time of the Settlement's preliminary approval, with certain exceptions. Settlement Agreement § 3.1. One exception concerns when a Class Vehicle's timing chain actually failed. If the timing chain failure occurred more than eight years after the vehicle's in-service date, the owner or lessee of the Class Vehicle is not eligible for the Settlement. Settlement Agreement § 3.1.1(iii). The "in-service date" is the day the vehicle was first put into use—usually when it was sold or leased to its first owner. The effective date of the timing chain failure is when the issue was diagnosed by an authorized JLRNA dealer. *Id.* § 3.1.1(iii). The Class Member is required to provide a written diagnosis of a timing chain or timing chain tensioner failure from an authorized JLRNA dealer at the time he seeks repair. *Id.*

The in-service date for Movant's vehicle is May 9, 2014. ECF No. 95 at 5. Therefore, to qualify for the extended warranty or reimbursement under the Settlement Agreement, Movant's timing chain or timing chain tensioner failure must have been diagnosed, in writing, by an authorized JLRNA dealer no later than May 8, 2022. But, as conceded by Movant, it was not. In fact, it appears that Movant has never received a written diagnosis from a JLRNA dealer.

Movant does not dispute that he failed to receive a qualifying diagnosis. Instead, he argues that "Defendant's dealers made it financially difficult to overcome this obstacle by charging exorbitant fees to obtain a diagnos[is]" and that when he did bring his vehicle to the authorized dealer, "the technicians orally diagnosed his vehicle as having timing chain and engine failure issues, however; one dealer charged [Movant] for brakes and brake pads that did not resolve the timing chain/engine failure issue." ECF No. 105 at 4. Movant is referring to his visit to a JLRNA dealer on May 15, 2023, during which a service advisor informed Movant that he could not

9

evaluate the vehicle for timing chain issues without unlocking the engine, which would cost $2,500. ECF No. 95 at 8–9. While Movant may have encountered legitimate obstacles to receiving a diagnosis, that consideration does not make Movant qualify as a Class Member. And even if Movant did receive a qualifying diagnosis during his May 15, 2023 dealer visit, it would have been more than a year late, as the Settlement Agreement requires that any diagnosis occur by May 8, 2022—eight years after Movant's vehicle's in-service date. Settlement Agreement § 3.1.1(iii). Accordingly, Movant's claim for relief fails on a second ground, because he did not qualify for reimbursement or a warranty extension under the Settlement Agreement.

IV. **CONCLUSION**

Accordingly**, IT IS**, on this 30th day of January, 2026,

**ORDERED** that Movant's motion for relief (ECF No. 95) is **DENIED**.

**SO ORDERED.**

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**

10